IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ROBERT L. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 315-101 |
| | ) | |
| LYNN SHEFFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

_____

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

This case is now before the Court because Plaintiff has failed to follow multiple orders of the Court and refused to participate in submission of a proposed discovery plan as required by Federal Rule of Civil Procedure 26(f).

### I.  BACKGROUND

Plaintiff filed the above-captioned case *pro se* on November 30, 2015, and he is proceeding *in forma pauperis* ("IFP"). (Doc. nos. 1, 5, 6.) On the day the case was filed, the Court issued a Rule 26 Instruction Order explaining the parties' responsibilities to confer in accordance with Federal Rule of Civil Procedure 26(f) and submit a written report outlining their discovery plan. (Doc. no. 3.) On January 6, 2016, the Court directed service of process be effected on Defendant and provided Plaintiff with instructions regarding the development and progression of the case. (See doc. no. 6.) That Order cautioned Plaintiff that he must timely respond to, and fully comply with, the Court's orders or face sanctions, including the possibility of dismissal of the case. (Id. at 1-2.) The Court also cautioned Plaintiff that he

must press the case forward or risk dismissal for want of prosecution. (Id. at 5 (citing Fed. R. Civ. P. 41 and Loc. R. 41.1).)

Defendant filed his answer on April 1, 2016. (Doc. no. 9.) When the deadline for the parties to confer as provided in Federal Rule of Civil Procedure 26(f) and then submit a joint 26(f) Report had passed without action by the parties, the Court issued an Order on May 11, 2016 directing the parties to meet and submit the required Report. (See doc. nos. 3, 10.) In response, Defendant filed a status report explaining delays in conducting the required conference because of confusion over whether Plaintiff had retained counsel to represent him and in obtaining Plaintiff's signature on the proposed 26(f) Report. (See doc. no. 11.) As of the date of Defendant's status report, Plaintiff had not responded to Defendant's request for his signature on the mandatory Rule 26(f) Report.

## II. DISCUSSION

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, dismissal without prejudice is generally appropriate pursuant to

2

Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to cooperate in the preparation and submission of a discovery plan - as required by the Federal Rules of Civil Procedure and explained in multiple Court orders - amounts to at least neglect, if not willful disobedience, of an order of the Court. Plaintiff's refusal to cooperate in preparing and submitting the requisite 26(f) Report so that the case can timely move forward with discovery amounts to a failure to prosecute and abandonment of his case. This is precisely the type of dilatory action and neglect contemplated by the Local Rules. Furthermore, the Court finds that the imposition of monetary sanctions is not a feasible sanction because Plaintiff is proceeding IFP based on his already-professed inability to pay the filing fee necessary to commence a case in District Court.

## III. CONCLUSION

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice under Local Rule 41.1 due to Plaintiff's failure to failure to cooperate in the preparation and submission of a discovery plan and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 15th day of June, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA